UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, : | |
| United States Department of Labor,       : | ECF CASE |
|                                                                 : | |
|                           Plaintiff,             : | 10  Civ. 5632 (BSJ) |
|                                                                 : | |
|                  v.                                      : | COMPLAINT |
|                                                                 : | |
| TRANSPORT WORKERS UNION OF  : | |
| AMERICA,                                         : | |
|                                                                 : | |
|                           Defendant.         : | |

---------------------------------------------------x

Plaintiff Hilda L. Solis, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1.	This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the September 16, 2009 election of three union officers conducted by the Transport Workers Union of America ("Defendant" or the "Union"), for the offices of International Vice President (one position) and Executive Board Member (two positions), is void, and directing Defendant to conduct a new election for these three offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2.	This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), as well as 28 U.S.C. §§ 1331 and 1345.

3.	Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Hilda L. Solis ("Plaintiff") is the duly appointed Secretary of Labor at the United States Department of Labor, 200 Constitution Avenue, N.W., Washington, D.C. 20210. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an international labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act, 29 U.S.C. §§ 402(i) and 402(j). Defendant resides at 1700 Broadway, 2nd Floor, New York, New York 10019, within the jurisdiction of this district.

## FACTS

6. Defendant held its twenty-third international convention in Las Vegas, Nevada from September 14 through September 18, 2009 (the "International Convention").

7. Each of Defendant's local unions may nominate and elect delegates to attend the International Convention.

8. In addition to elected delegates, the Union's officers ("Officers") may attend the International Convention as "ex-officio" delegates.

9. In or around April 2009, members of Local 100 of the Union ("Local 100") nominated candidates to attend the International Convention as delegates.

10. On or about June 22, 2009, members of Local 100 elected approximately 127 delegates to attend the International Convention.

11. At the International Convention, Defendant, purporting to act pursuant to its Constitution and Bylaws, conducted an election of Officers on September 16, 2009 (the "September 16 Election").

12. The September 16 Election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-484.

13. Pursuant to Article IV, Section 6 of Defendant's Constitution, no union member shall be eligible for nomination or election as an Officer unless he has been in continuous good standing for at least two years immediately preceding his nomination.

14. Pursuant to Article XIII, Section 4 of Defendant's Constitution, any member in bad standing shall be ineligible to attend union meetings, be a candidate for or hold any union office or position, vote in any union election or referendum, or otherwise participate in union affairs.

15. Pursuant to Article XIII, Section 3 of Defendant's Constitution, any member who fails to pay his dues for a particular month on or before the fifteenth day of each month shall be in bad standing.

16. Barrington Roberts ("Roberts"), who held the position of International Vice President prior to the International Convention, failed to make timely dues payments in October 2008 and November 2008.

17. Roberts attended the International Convention as an ex-officio delegate.

18. At the International Convention, Roberts was nominated for the position of International Vice President.

19. At the September 16 Election, Roberts was re-elected to the position of International Vice President.

20. Alice Goodman ("Goodman"), who held the position of Executive Board Member prior to the International Convention, failed to make timely dues payments in February 2008, April 2008, May 2008 and July 2008.

21. Goodman attended the International Convention as an ex-officio delegate.

22. At the International Convention, Goodman was nominated for the position of Executive Board Member.

23. At the September 16 Election, Goodman was re-elected to the position of Executive Board Member.

24. Thomas Lenane ("Lenane"), who held the position of Executive Board Member prior to the International Convention, failed to make timely dues payments in May 2008 and September 2008.

25. Lenane attended the International Convention as an ex-officio delegate.

26. At the International Convention, Lenane was nominated for the position of Executive Board Member.

27. At the September 16 Election, Lenane was re-elected to the position of Executive Board Member.

## ADMINISTRATIVE PROCEEDINGS

28. On or about October 10, 2009, complainant Ainsley Stewart ("Stewart") submitted to Defendant's International Secretary-Treasurer a written protest of the September 16 Election.

29. On or about February 17, 2010, the International Secretary-Treasurer denied Stewart's protest, and attached the International Executive Council's recommended decision.

30. Stewart filed a timely complaint with the Secretary of Labor on or about February 5, 2010, pursuant to section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

31. Defendant agreed that the time within which Plaintiff may bring suit concerning Defendant's September 16 Election be extended to July 23, 2010.

32. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) a violation of Title IV of the Act, 29 U.S.C. §§ 481-484, had occurred in the conduct of the Defendant's September 16 Election; and (2) that such violation had not been remedied at the time of the institution of this action.

33. The violations are properly within the scope of the complaint received by the Secretary of Labor.

## FIRST CAUSE OF ACTION

34. The allegations of paragraphs 1 through 33 above are hereby repeated and realleged as though fully set forth herein.

35. Section 401(f) of the Act, 29 U.S.C. § 481(f), required Defendant to conduct the September 16 Election in accordance with its constitution and bylaws.

36. Defendant violated Section 401(f) of the Act, 29 U.S.C. § 481(f), by permitting Roberts, Goodman and Lenane to attend the International Convention as ex-officio delegates, despite the fact that they were in bad standing in 2008 and thus ineligible to hold any union office.

37. Defendant violated Section 401(f) of the Act, 29 U.S.C. § 481(f), by nominating at the International Convention, and electing in the September 16 Election, Officers who were

not in continuous good standing for the two-year period preceding their nominations, in violation of Article IV, Section 6 of its Constitution.

38. The aforementioned violations of Section 401(f) of the Act, 29 U.S.C. § 481(f), affected the outcome of the Defendant's election for the offices of International Vice President (1 position) and Executive Board Member (2 positions).

## SECOND CAUSE OF ACTION

39. The allegations of paragraphs 1 through 38 above are hereby repeated and realleged as though fully set forth herein.

40. Section 401(c) of the Act, 29 U.S.C. § 481(c), required Defendant to provide adequate safeguards to insure a fair election in the September 16 Election.

41. Defendant violated Section 401(c) by nominating at the International Convention, and electing in the September 16 Election, Officers who were not in continuous good standing for the two-year period preceding their nominations, in violation of Article IV, Section 6 of its Constitution.

42. Accordingly, Defendant violated section 401(c) of the Act, 29 U.S.C. § 481(c), by failing to provide adequate safeguards to insure a fair election.

43. The aforementioned violations of section 401(c) of the Act, 29 U.S.C. § 481(c), affected the outcome of the Defendant's election for the offices of International Vice President (1 positions) and Executive Board Member (2 positions).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment:

(a) Declaring the Defendant's election at the September 16 Election of Roberts as International Vice President, of Goodman as Executive Board Member, and of Lenane as Executive Board Member, to be void;

(b) Directing the Defendant to conduct a new election for the offices of one International Vice President and two Executive Board Members;

(c) Ordering the Defendant to pay for the costs of this action; and

(d) Granting such other relief as the Court may deem appropriate.

           PREET BHARARA
           United States Attorney for the
             Southern District of New York
           Attorney for the Secretary of Labor

By:    /s/ Alicia M. Simmons
       ALICIA M. SIMMONS
       Assistant U.S. Attorney
       Southern District of New York
       86 Chambers Street, Third Floor
       New York New York 10007
       Telephone: (212) 637-2697
       Facsimile:  (212) 637-2686

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor

CLINTON WOLCOTT
Counsel for Legal Advice

PATRICIA M. RODENHAUSEN
Regional Solicitor

JEFFREY LUPARDO
Attorney

U.S. Department of Labor