Jones, J

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/23/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

-v-

TRANSPORT WORKERS UNION OF
AMERICA,

        Defendant.

10 Civ. 5632 (BSJ) (THK)

STIPULATION AND ORDER OF SETTLEMENT

WHEREAS, a Department of Labor investigation concluded that defendant Transport Workers Union of America ("Defendant" or "TWU") violated section 401(f) of the Labor-Management Reporting and Disclosure Act of 1959, as amended (the "Act"), 29 U.S.C. § 481(f), when, at the election of TWU's International Union officers and Executive Board members on September 16, 2009 (the "2009 Election") Barrington Roberts ("Roberts") was nominated for and elected to the position of International Vice President but was not in continuous good standing, in violation of Article IV, Section 6 of the Constitution of the Transport Workers Union of America (the "TWU Constitution");

WHEREAS, the DOL Investigation also concluded that TWU violated Section 401(f) of the Act in that Alice Goodman ("Goodman") and Thomas Lenane ("Lenane," and collectively with Goodman and Roberts, the "Union Officers"), who were nominated for and elected to the position of Executive Board Members at the 2009 Election, were not in continuous good standing, in violation of Article IV, Section 6 of the TWU Constitution;

WHEREAS, on July 23, 2010, Hilda L. Solis, Secretary of the United States Department of Labor ("Secretary") brought this action pursuant to Title IV of the Act, 29 U.S.C. § 401, *et seq.*, seeking to void the election of the Union Officers at the 2009 Election, and requesting that Defendant conduct a new election under the supervision of the Secretary for the positions held by the Union Officers;

NOW THEREFORE, it is hereby stipulated between the Secretary and Defendant, by and through their undersigned counsel, hereby agree to the settlement of this action as follows:

1. The Parties hereby stipulate and agree that Defendant shall conduct, under the supervision of the Secretary, a new election (the "supervised election") for the positions held by the Union Officers, to be conducted within eight months of the date on which this Stipulation is entered as an Order of the Court, unless the Secretary in her sole discretion determines that the supervised election should be conducted at a later date. The supervised election shall include new elections for delegates, where determined to be necessary by the Secretary. Nominations and balloting for the supervised election shall be conducted by mail.

2. The Parties agree that the supervised election shall be conducted in accordance with Title IV of the Act, 29 U.S.C. §§ 481-484, and, insofar as lawful and practicable and except as provided in this Stipulation, in accordance with the TWU Constitution and the constitutions and bylaws of any TWU local unions that are required to have delegate elections.

3. All decisions as to the interpretation or application of Title IV of the Act and the constitutions of TWU and bylaws of its local unions relating to the supervised election are to be

2

determined by the Secretary, and her decisions shall be final and binding, subject to review by this Court at the request of any party.

4. The Court shall retain jurisdiction of this action. After completion of the supervised election, the Secretary shall certify to the Court the names of the persons so elected, that such election was conducted in accordance with Title IV of the Act, and, insofar as lawful and practicable, that the election was conducted in accordance with the TWU Constitution. Upon the Court's receipt and approval of such certification, the Court shall enter a judgment declaring that such persons have been elected to serve as duly elected officers, as shown by such certification, and will dismiss the case.

5. This Agreement does not constitute an admission by TWU that it violated Title IV of the Act in conducting the 2009 Election.

6. Nothing in this Stipulation shall limit the Secretary's authority under the Act to conduct the supervised election.

7. Each party agrees to bear its own costs, fees, and other expenses incurred by such party in connection with any stage of this proceeding.

8. It is contemplated that the Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Date: November 21, 2011                    Date: November 21, 2011

COHEN, WEISS & SIMON LLP                   PREET BHARARA
Attorney for Transport Workers             United States Attorney for the
of America                                   Southern District of New York
                                           Attorney for the Secretary of Labor

By: _____                By: _____
BRUCE LEVINE                               ALICIA M. SIMMONS
330 W. 42nd Street, 25th Floor             Assistant U.S. Attorney
New York, New York 10036                   Southern District of New York
Telephone: (212) 356-0230                  86 Chambers Street, Third Floor
Facsimile: 646) 473-8230                   New York New York 10007
                                           Telephone: (212) 637-2697
                                           Facsimile: (212) 637-2686

Date:  November 23, 2011
       New York, New York

SO ORDERED:

_____
Paul A. Engelmayer
UNITED STATES DISTRICT JUDGE

4